UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| SONDRA J. HANSEN and | ) | |
| WILLIAM R. HANSEN, | ) | |
| individually, and on behalf of C.H., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-670- LJM-WTL |
| | ) | |
| BOARD OF TRUSTEES FOR HAMILTON | ) | |
| SOUTHEASTERN SCHOOL | ) | |
| CORPORATION, and DMITRI B. ALANO, | ) | |
| Defendants. | | |

**ORDER**

This cause is before the Court on Defendant Dmitri B. Alano's ("Alano") Motion for Partial

Summary Judgment (Docket No. 104).  Alano contends that the individual claims of Plaintiffs,

Sondra J. Hansen and William R. Hansen (collectively, "the Hansens"), are barred by the applicable

statute of limitations and that he is entitled to judgment as a matter of law on the Plaintiffs' claim

based on Title IX of the Education Amendments Act of 1972 (20 U.S.C. §§ 1681-1688).  In support

of his motion, Alano adopts and incorporates by reference the arguments and evidence filed by

Defendant Board of Trustees for Hamilton Southeastern School Corporation ("the School") in

support of its own motion on the same issues.

This matter has been fully briefed and is now ripe for ruling.  For the reasons stated herein,

the Court **GRANTS** Alano's motion.

# I.  **BACKGROUND**[1]

Alano served as assistant band director at Hamilton Southeastern High School ("HSE") from July 1, 1998, until January 29, 2004, when he was placed on suspension for his relationship with C.H., one of his students.  *See* Alano Dep. at 39, 163.  C.H. was born on June 27, 1986.  *See* Hansen Dep. at 8, 20.  C.H. was enrolled in the band and contends that she and Alano had a number of sexual encounters during her freshman and sophomore years at HSE.  *See* Compl., p.2, ¶ 1; Pls.' Ex. H; Hansen Dep. at 59-61, 69, 82-84, 88-90, 92, 96-98, 106, 114, & Ex. C.  She did not report the incidents and actually undertook efforts to keep the information from both HSE officials and her parents.  *See* Hansen Dep. at 66, 70, 114, 161-62, 165, 175, 187-88, 196.  C.H. ultimately quit the band at the end of her sophomore year and had no further sexual encounters with Alano after that time.  *See id.* at 110, 198.

Subsequently, C.H. was arrested for driving under the influence.  *See id.* at 41-42.  The Hansens had C.H. hospitalized in order to receive substance abuse treatment.  *See id.* at 42.  On January 19, 2004, during her stay at the hospital, C.H. admitted to a therapist that she had engaged in inappropriate sexual conduct with Alano.  *See id.* at 158; School's Ex. J.  The Hansens learned about the incidents the next day when the hospital reported the information to them.  *See* Pls.' Ex. E.  A criminal investigation ensued and led to a decision by the Hamilton County Prosecutor to file charges against Alano.  *See* Baker Dep. at 32, 42-44, 48, 52, 55-56; Alano Dep. at 87-89, & Ex. 14; Pls.' Exs. J, M-O.  Alano was placed on suspension and ultimately resigned as assistant band director

---

[1]  Because Alano adopts the School's arguments and evidence from the School's Motion for Summary Judgment, and because the relevant facts are undisputed, the Court adopts and restates herein the relevant facts from the "Background" section of its Order on the School's Motion for Summary Judgment.  *See* Oct. 19, 2007, Order (Docket No. 131).

2

after pleading guilty to a charge of sexual battery.  *See* Hogue Dep. at 128; Alano Dep. at 89-90, 93, 109, 163; Pls.' Exs. A-B.

The Hansens filed the instant action on May 6, 2005, raising claims on behalf of themselves and C.H.  Specifically, the Hansens sued both the School and Alano for violations of Title IX of the Education Amendments Act of 1972 (20 U.S.C. §§ 1681-1688), 42 U.S.C. § 1983, and various state tort provisions.  The Court previously granted the School's motion for summary judgment and dismissed all claims against the School with prejudice.  *See* Oct. 19, 2007, Order (Docket No. 131).

## II.  SUMMARY JUDGMENT STANDARD

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, which provides in relevant part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment is the "put up or shut up" moment in a lawsuit.  *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003), *reh'g denied*.  Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists.  *See Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996), *cert. denied*, 520 U.S. 1116 (1997).  It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies.  *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).  When the moving party has met the standard of Rule 56, summary judgment is mandatory.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party.  *See Estate of Cole v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996), *cert. denied*, 519 U.S. 1109 (1997).  The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment.  Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment.  *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996).  Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute.  *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992).  "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."  *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996), *cert. denied*, 519 U.S. 1115 (1997).

# III.  DISCUSSION

As an initial matter, the Court notes that the Hansens concede in their response that the Title IX claim can only be brought against the School, the "grant recipient" for purposes of that federal provision.  *See* Pls.' Resp. in Opp. at 4 (Docket No. 112) (citing to *Smith v. Metro. Sch. Dist. of Perry Twp.*, 128 F.3d 1014 (7th Cir. 1997), *reh'g and reh'g en banc denied*).  Based on that concession, as well controlling precedent, the Court **GRANTS** Alano's motion with respect to Plaintiffs' Title IX claim and **DISMISSES** that claim **with prejudice**.

The only contested matter remaining is whether the Hansens' individual claims were timely filed under Indiana law.  Alano contends that the statute of limitations provided by Indiana Code § 34-11-2-4 applies to the Hansens' individual claims.  That statute specifically provides that an action for an injury to the person or character must be commenced within two years "after the cause of action accrues."  Under Alano's theory, the Hansens' cause of action accrued and the statute of limitations began to run from the time of his sexual interaction with the Hansens' daughter, C.H. Alano's last interaction with C.H. occurred in June 2002; therefore, at least according to Alano, the Hansens had until June 2004 to file a lawsuit.  Because the instant lawsuit was not filed until May 6, 2005, Alano argues that the Hansens' individual claims were not timely filed.

In response, the Hansens contend that they have sustained emotional damages as a result of learning that their daughter C.H. was sexually molested by Alano and that they have incurred expenses for C.H.'s medical and psychological treatment.  The Hansens argue that their cause of action did not accrue until January 20, 2004, when they first learned about the sexual encounters between Alano and C.H.  Therefore, they contend that they had two years from that date to file their lawsuit and that this action was filed well within the statute of limitations.

5

As is clear from the parties' arguments, the resolution of this matter depends on determining when the Hansens' individual claims accrued so as to start the running of the statute of limitations. The Court previously determined that the Hansens' individual claims are derivative of C.H.'s claims. *See* Oct. 19, 2007, Order, at 9 (Docket No. 131) (citing *Jordan v. Deery*, 609 N.E.2d 1104, 1108 (Ind. 1993); *Ind. Patient's Comp. Fund v. Winkle*, 863 N.E.2d 1, 6 (Ind. Ct. App. 2007); *Elkhart Cmty. Schs. v. Yoder*, 696 N.E.2d 409, 416 (Ind. Ct. App. 1998)). Thus, pursuant to Indiana law, the Hansens' cause of action should accrue at the same that C.H's cause of action accrued. *See, e.g.*, *Jordan*, 609 N.E.2d at 1108; *Barton-Malow Co. v. Wilburn*, 547 N.E.2d 1123, 1126 (Ind. Ct. App. 1989), *vacated in part*, *aff'd in relevant part*, 556 N.E.2d 324, 325 (Ind. 1990) (incorporating discussion on statute of limitations).

Indiana law provides that a cause of action for a tort claim "accrues and the statute of limitations begins to run when the plaintiff knew, or in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious acts of another." *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992). Because the Hansens' individual claims are derivative, *see Jordan*, 609 N.E.2d at 1108, it is necessary to determine when C.H. knew about the sexual encounters. Here, there is no dispute that C.H. was aware of the incidents; in fact, she made a conscious effort to conceal the incidents from school officials and her parents. *See id.* at 66, 70, 114, 161-62, 165, 175, 187-88, 196. Alano engaged in several acts of misconduct with C.H., the last incident taking place sometime during C.H's sophomore year, which ended in June 2002. *See* Hansen Dep. at 8, 20, 59-61, 69, 82-84, 88-90, 92, 96-98, 106, 114, 198, & Ex. C; Pls.' Ex. H.

Therefore, at the latest, the two-year statute of limitations began to run at that time.[2]  Consequently, because the Hansens failed to file the instant lawsuit until May 6, 2005, this action is untimely.

The Hansens are unable to cite to a single Indiana case addressing the same factual scenario of a minor concealing the facts of a tort until after the statute of limitations has run.  Indeed, as the Court has discovered from its own research, there appear to be no such Indiana cases. Notwithstanding the absence of any similar Indiana cases, the Court believes that the Indiana Supreme Court would nonetheless conclude that the Hansens' individual claims are barred by the statute of limitations.

As is clear from *Jordan* and *Barton-Malow Co.*, Indiana courts already have a practice of barring derivative claims even where the victim's claims are protected by the disability statute. Specifically, the Indiana Supreme Court concluded in *Jordan* that the derivative claims of a child's parents were barred by the statute of limitations even though the child's direct claim for medical malpractice was protected by her disability.  *See Jordan*, 609 N.E.2d at 1108.  Similarly, in *Barton-Malow Co.*, the Indiana Court of Appeals concluded that a wife's derivative claim for loss of consortium stemming from her husband's personal injury at work was barred even though her injured husband was protected by his mental disability.  *See Barton-Malow Co. v. Wilburn*, 547 N.E.2d at 1126.  These cases illustrate that Indiana courts have treated derivative and direct claims differently and that the courts do not give a derivative claim-holder the benefit of any disability provision.

---

[2]  Of course, C.H.'s claims would not be barred because she was a minor at the time of the incidents and benefitted from the disability statute that provided her with a two-year grace period to file her claim once she reached the age of majority.  *See* Ind. Code § 34-11-6-1; *Chaffin v. Nicosia*, 261 Ind. 698, 703, 310 N.E.2d 867, 870 (1974) (discussing prior version of disability statute).

There are two cases from other jurisdictions with factual scenarios similar to those in this case. In both instances, the courts concluded that the statute of limitations begins to run on the parents' derivative claims from the time of the sexual encounters, which is the same time when the minor's claims accrue, and not when the parents actually learn about the incidents. *See Loudin v. Mills*, No. C-990569, 2000 WL 569569, at *4 (Ohio Ct. App. May 12, 2000) (unpublished decision); *Joseph W. v. Catholic Diocese of Madison*, 569 N.W.2d 795, 803 (Wis. Ct. App. 1997). Further, as expressed by the *Loudin* court, a "discovery rule," which tolls the running of a statute of limitations based on the assumption that a tort has gone undiscovered, should not apply because the minor victim knew about the injury and chose to conceal it from the parents. *See Loudin*, 2000 WL 569569, at *3. In other words, the discovery rule was inapplicable because the injury truly was not "undiscovered."

This Court concludes that the reasoning of the *Loudin* and *Joseph W.* courts is consistent with Indiana law. As noted, Indiana law already provides that derivative claims accrue at the same time as the injured party's claims. *See, e.g.*, *Jordan*, 609 N.E.2d at 1108; *Barton-Malow Co. v. Wilburn*, 547 N.E.2d at 1126. Likewise, Indiana courts are in accord with *Loudin* on the general justification for the discovery rule. *See, e.g.*, *Barnes v. A.H. Robins Co.*, 476 N.E.2d 84, 86-87 (Ind. 1985). Therefore, the Court finds that Indiana courts are likely to agree with that portion of the reasoning in *Loudin* and *Joseph W.* that the statute of limitations begins to run on a parents' derivative claims at the same time that it begins on the minor child's claims, even when the minor conceals the tort from her parents.

Of course, both *Loudin* and *Joseph W.* ultimately permitted the parents' derivative claims to go forward by allowing the parents to benefit from the minor's disabilty. In other words, those

courts gave the parents the same extended time period within which to file their derivative claims that the child had after reaching the age of majority. *See Loudin*, 2000 WL 569569, at * 4; *Joseph W.*, 569 N.W.2d at 803. However, the Court declines to adopt the rationale that the Hansens should benefit from C.H.'s disability as a minor. Indiana law is distinct from either Ohio or Wisconsin law in a few important respects. First, Ohio's disability statute specifically provides that "[w]hen the interests of two or more parties are joint and inseparable, the disability of one shall inure to the benefit of all." Ohio Rev. Code § 2305.16. As is clear from both *Jordan* and *Barton-Malow Co.*, the disability of the injured party does not inure to the benefit of the party with the derivative claim under Indiana law. *See Jordan*, 609 N.E.2d at 1108 (finding that parents' derivative claims were barred but that child's direct claim was not ); *Barton-Malow Co. v. Wilburn*, 547 N.E.2d at 1126 (concluding that wife's derivative claims were barred but that mentally disabled husband's claims were not). Further, the plain language of Indiana's disability statute indicates that only a person who is under a legal disability should benefit from the provision because it makes no reference to or allowance for a person with a derivative claim. *See* Ind. Code § 34-11-6-1 (stating that "[a] person who is under legal disabilities when the cause of action accrues may bring the action within two (2) years after the disability is removed"). *Accord Perez v. Espinola*, 749 F. Supp. 732, 736 (E.D. Va. 1990) (collecting cases and declining to conclude that a state's disability statute should be construed to encompass a parent's derivative claims). Finally, unlike Wisconsin, Indiana does not require that a derivative action be joined with an injured party's cause of action. *Compare Korth v. Am. Family Ins. Co.*, 340 N.W.2d 494 (Wis. 1983) (concluding that parents' loss of society and companionship claim had to be joined with child's claim), *with Barton-Malow Co.*, 547 N.E.2d at 1125-26

(distinguishing *Korth* and similar cases from other states because Indiana does not require loss of consortium claim to be joined with injured spouse's cause of action).

Given these differences in Indiana law, the Court concludes that Indiana courts are unlikely to follow the approach taken by Ohio and Wisconsin to permit parents with derivative claims to benefit from a disability statute where the parents themselves are not laboring under a disability.  To conclude otherwise would be inconsistent with Indiana precedent and the plain language of the disability statute.  Therefore, based on the foregoing, the Court concludes that there is no provision that tolled the running of the statute of limitations against the Hansens or provided them with an additional grace period within which to file their derivative claims.  Accordingly, because the statute of limitations ran on the Hansens' individual claims against Alano and was not tolled or otherwise extended, those claims are untimely and are **DISMISSED with prejudice.**

As a final matter, the Court, on its own motion, notes that Count II of the Complaint for negligent hiring, retention, and supervision has been asserted against both the School and Alano. However, it is apparent from the nature of the claim and the allegations that there is no basis for bringing the claim against Defendant Alano.  In other words, it is axiomatic that Alano cannot negligently hire, retain, and supervise himself.  Therefore, Count II against Alano is **DISMISSED with prejudice.**

## IV.  **CONCLUSION**

For the foregoing reasons, Defendant Dmitri B. Alano's Motion for Partial Summary Judgment (Docket No. 104) is **GRANTED**.  The claims of the parents against Defendant Alano and Counts I and II of the Complaint are **DISMISSED with prejudice**.  The claims of C.H. contained in Counts III through VII of the Complaint remain against Defendant Alano.

IT IS SO ORDERED this 5th day of November, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

**Electronically distributed to:**

Sarah Jane Graziano
HENSLEY LEGAL GROUP
sgraziano@hensleylegal.com

John David Hensley
HENSLEY & ASSOCIATES
jhensley@hensleylegal.com

Laurel S. Judkins
LOCKE REYNOLDS LLP
ljudkins@locke.com

William Edwin Wendling Jr.
CAMPBELL KYLE PROFFITT LLP
wwendling@ckplaw.com

Thomas E. Wheeler II
LOCKE REYNOLDS LLP
twheeler@locke.com

11